IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DESTINY CANO, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-01296-FB |
| vs. | § § | |
| HARLANDALE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| *Defendant.* | § § § | |

## **ORDER**

On May 29, 2020, the Court held an initial pretrial conference in the above-styled cause at which Defendant Harlandale Independent School District and Plaintiff Destiny Cano appeared telephonically through counsel. This case was referred to the undersigned for all pretrial proceedings pursuant to Local Rule CV-72 and Appendix C of the Local Rules of the United States District Court for the Western District of Texas and 28 U.S.C. § 636(b) [#8]. Pending before the Court are the Defendant's Motion to Dismiss [#5], Plaintiff's response thereto [#11], and the parties' scheduling recommendations [#16]. At the conclusion of the conference, the Court issued certain oral rulings, which it now confirms by written Order:

Plaintiff is ordered to file an Amended Complaint. Defendant's motion identifies various deficiencies with Plaintiff's pending Complaint. As currently pleaded, the Court agrees that Plaintiff's claims suffer from pleading defects. During the initial pretrial conference, the Court addressed these deficiencies with the parties. Ordinarily, courts give a plaintiff at least once chance to replead to attempt to overcome pleading deficiencies unless the defects are clearly incurable, or the plaintiff is unwilling or unable to amend the pleading in a manner that will avoid dismissal. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d

305, 329 (5th Cir. 2002); *see also Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("[A] court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."). During the conference, Defendant indicated it did not object to giving Plaintiff the opportunity to file an amended pleading.

In light of the foregoing, the Court will dismiss as moot Defendant's Motion to Dismiss without prejudice to refiling if Plaintiff does not file an Amended Complaint or if she files an Amended Complaint that does not cure some or all of the pleading deficiencies identified.

Finally, at the conference, the parties indicated that they were requesting that the Court enter a schedule with dates sixty (60) days later than those originally recommended jointly by the parties. The Court will enter a Scheduling Order accommodating the request.

Thus, in accordance with the foregoing,

**IT IS ORDERED** that Plaintiff **FILE** an Amended Complaint to cure the deficiencies in her Complaint **on or before June 12, 2020**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [#5] is **DISMISSED AS MOOT;** and

**IT IS FINALLY ORDERED** that a Scheduling Order will be entered separately.

SIGNED this 29th day of May, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE