IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DESTINY CANO, | § § | |
| Plaintiff, | § § | SA-19-CV-01296-ESC |
| vs. | § § § | |
| HARLANDALE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § § | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Before the Court in the above-styled cause of action is Defendant Harlandale Independent School District's Motion for Judgment on the Administrative Record, Motion to Dismiss in Part for Lack of Subject-Matter Jurisdiction, or in the Alternative, Motion for Summary Judgment [#55]. Plaintiff has filed a response in opposition to the motion [#62], to which Defendant has filed a reply [#64]. For the reasons that follow, the Court will **GRANT** the motion.

**I. Procedural and Factual Background**

Plaintiff Destiny Cano ("Cano") filed this action against Defendant Harlandale Independent School District ("the District") regarding severe and permanent injuries she sustained while attempting to perform what she contends is an excessively dangerous stunt as a member of the dance team during her senior year at Harlandale High School. The Court has already recited a thorough summary of the allegations in Cano's live pleading in previous orders in this case and will not repeat all alleged facts here. For purposes of the motion currently before the Court, it is sufficient to note that Cano's injuries occurred on January 17, 2017, during her last semester of high school. (Am. Compl. [#26], at ¶ 15.) On April 4, 2017, the District met with Cano's mother and determined that Cano did not qualify for special education services under the Individuals with

1

Disabilities Education Act ("IDEA") but did qualify for certain accommodations under Section 504 of the Rehabilitation Act ("Section 504"). (Admin. Record [#4], at 508–09.) The Section 504 Student Review Committee Report found that Cano fell on her head, sustained a concussion and cervical strain, and suffers from post-concussion syndrome and migraines, which impair her memory and require her to be homebound. (*Id.*) Per the Report, Cano was given Section 504 accommodations in the form of extra time to complete work, frequent breaks, explicit instructions, and receiving work in smaller amounts. (*Id.*)

Although Cano ultimately passed all of her classes and was able to graduate with her class, she testified in her deposition that she did not receive all of the accommodations she requested. (*Id.* at 545–50.) According to Cano, she did not have a teacher visit her at her home until April—months after the accident—and several teachers failed to send any work home. (*Id.*) Additionally, the District denied Cano's requests to be able to attend school in person in a room with dimmed lights that would not trigger her migraines or to be able to attend school virtually via FaceTime or some other online platform. (*Id.*) Following graduation, Cano enrolled in college at University of the Incarnate Word in San Antonio, Texas, but struggled with her classes and testified that she did not feel prepared academically, especially in math, due to the lack of support she received from the District after her injury. (*Id.*)

Approximately one year after her graduation from high school, on June 25, 2018, Cano filed a request for a due process hearing with the Texas Education Agency ("TEA") pursuant to the IDEA to address the alleged failure of the District to address her academic and non-academic needs. (*Id.* at 8–31.) Cano's Petition and Request for Hearing alleged that the District failed to provide her with a free and appropriate public education ("FAPE") as required under the IDEA when the District failed to find her to be a student with a disability under the IDEA pursuant to

their child-find obligations. (*Id.* at 19.) Cano also asserted claims under Title II of the Americans with Disabilities Act ("ADA") and Section 504, alleging that the District failed to provide her the services and accommodations to which she was entitled under these anti-discrimination statutes. (*Id.* at 20–21.) Finally, Cano's Petition included various constitutional claims arising under 42 U.S.C. § 1983 and a claim for relief under Title IX. (*Id.* at 22–25.)

The District moved to dismiss Cano's Petition and Request for Hearing, arguing that the TEA lacked jurisdiction to decide any claim other than Cano's IDEA claim because the due process hearing was limited to "matters relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a [FAPE] to the child." (*Id.* at 63–66.) The District also moved for dismissal of Cano's IDEA claim as time-barred under the governing statute of limitations. (*Id.* at 66–67.) The Special Education Hearing Officer appointed by the TEA granted the motion in part, dismissing all claims for want of jurisdiction aside from Cano's "child-find" claim under the IDEA. (*Id.* at 108.) Cano then filed an Amended Petition containing only this claim. (*Id.* at 124–47.) After several rounds of dispositive motions, the hearing officer found that Cano's IDEA claim fell outside the one-year limitations period and should have been filed before April 4, 2018, within one year of the date Cano purportedly learned the District would not provide her with the requested special education services under the IDEA. (*Id.* at 641–48.) The hearing officer rejected Cano's arguments that the limitations period should have been tolled for various reasons argued by Cano. (*Id.*)

Cano filed this suit on October 31, 2019, seeking judicial review of the administrative decision dismissing her IDEA claim and reasserting the ADA, Section 504, Title IX, and constitutional claims originally raised in her administrative Petition. The District filed a motion to dismiss for failure to state a claim, requesting dismissal of the Complaint in its entirety. After

holding an initial pretrial conference in this case, the Court ordered Cano to file an amended complaint to cure the identified deficiencies in her pleadings. Cano timely filed an Amended Complaint as directed by the Court, which included all the claims in her Original Complaint and remains the live pleading in this action. (Am. Compl. [#26].) The District thereafter filed a partial motion to dismiss, seeking dismissal of Cano's constitutional and Title IX claims. The Court granted the motion, finding Cano had failed to state a claim for a violation of 42 U.S.C. § 1983 or Title IX. Cano's administrative appeal of her IDEA claim and her claims under the ADA and Section 504 remain pending.

By these claims, Cano asks the Court to vacate the administrative decision and remand her IDEA claim for further administrative proceedings and alleges that the District failed to provide her with the necessary accommodations for her disability in violation of the ADA and Section 504. The District now moves for judgment on the administrative record as to Cano's IDEA claim, asking the Court to affirm the administrative decision dismissing this claim as time-barred under the governing statute of limitations. As to Cano's ADA and Section 504 claims, the District moves either for dismissal or, in the alternative, summary judgment, arguing that Cano failed to exhaust her administrative remedies as to these claims. The Court will grant the District's motion.

## II.  Administrative Appeal of "Child-Find" IDEA claim

As previously noted, Cano filed a Request for a Due Process Hearing on June 25, 2018, alleging that the District failed to provide her with a FAPE under the IDEA. (Admin. Record [#4], at 8–31.) In her request, Cano asserted a "child-find" claim, alleging the District failed to identify her as eligible for special education services under the IDEA. (*Id.*) The Special Education Hearing Officer dismissed Cano's IDEA claim as time-barred. (*Id.* at 641–48.) By this suit, Cano appeals this determination and asks the Court to vacate the administrative decision and remand her case

for further proceedings. The District's motion currently before the Court moves for judgment on the administrative record and asks the Court to affirm the dismissal on limitations grounds.

The IDEA provides that a request for a due process hearing must be filed within two years of the date the person knew, or should have known, about the alleged action that forms the basis of the complaint. 20 U.S.C. § 1415(f)(3)(C). Texas law, however, shortens the limitations period to one year. 19 Tex. Admin. Code § 89.1151(c). The Fifth Circuit has held that claims generally accrue when a plaintiff knows or has reason to know of an injury. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). The Fifth Circuit has interpreted the IDEA as applying this general accrual rule to administrative claims. *R.S. by & through Ruth B. v. Highland Park Indep. Sch. Dist.*, 951 F.3d 319, 329 (5th Cir. 2020).

The hearing officer concluded that Cano knew or should have known about the District's decision finding her ineligible for special education services under the IDEA on April 4, 2017, the date the Section 504 Student Review Committee issued its report. Accordingly, Cano had until April 4, 2018, to file her request for a due process hearing, yet she waited to file her request for hearing until June 25, 2018.

There are two recognized exceptions that toll the statute of limitations for IDEA claims—if the parent was prevented from requesting the hearing due to:

> (i) Specific misrepresentations by the local education agency that it had resolved the problem forming the basis of the complaint; or
>
> (ii) The local education agency's withholding of information from the parent that was required under this part to be provided to the parent.

20 U.S.C. § 1415(f)(3)(D). *See also Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 255 (5th Cir. 2017) (recognizing that the IDEA limits tolling to two federal tolling provisions set forth in the statute involving the school making misrepresentations or withholding information). Cano bears

the burden to establish that an exception to the limitations period applies. *Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007).

Cano has failed to carry her burden to establish either, as her response to the District's motion does not address her IDEA appeal at all, focusing instead solely on her ADA and Section 504 claims. In her discussion of these claims, Cano does concede, however, that her request for a due process hearing on her IDEA claim was untimely, stating, "[i]t is absolutely true that [Cano] did not properly exhaust any 'failure to provide FAPE' causes of action she may have had under the IDEA in a timely manner." (Resp. [#62], at 3.)

A party's failure to respond to a motion for summary judgment constitutes waiver of any arguments in opposition to the motion on the claim at issue, and this Court may treat the motion as unopposed. *See* W.D. Tex. Loc. R. CV-7(d); *see also Ervin v. Sprint Commc'ns Co. LP*, 364 Fed. App'x 114, 116 (5th Cir. 2010) ("Under this Circuit's precedent, Mr. Ervin's failure to respond to the summary judgment motion effectively waives his opportunity to offer evidence or legal argument in opposition to summary judgment."). Accordingly, the Court finds Cano has waived and/or abandoned her appeal of the TEA administrative decision on her IDEA claim, and the Court will affirm the administrative decision that this claim is time-barred.

### III.  Cano's ADA and Section 504 Claims

Cano's claims under the ADA and Section 504 allege that she was a qualified individual with a disability under these statutes and that the District failed to reasonably accommodate her disabilities. (Am. Compl. [#26], at ¶¶ 47–53.) The District moves to dismiss these claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction on the basis that Cano failed to first exhaust her administrative remedies regarding the requested accommodations under the IDEA.

The Fifth Circuit has not determined whether IDEA exhaustion is jurisdictional or merely a mandatory claim-processing rule. *See T.B. by & through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1050 n.2 (5th Cir. 2020). But this Court need not reach the issue to dispose of the District's motion, as the District timely raised exhaustion and has alternatively moved for summary judgment based on a failure to exhaust. *See id.* (similarly concluding that whether IDEA exhaustion is jurisdictional or claim-processing rule was not material, as the defendant timely raised the issue and argued for dismissal under both theories). Regardless of whether exhaustion is jurisdictional or a claim-processing rule, the Court agrees with the District that Cano's ADA and Rehabilitation Act claims fail as a matter of law.

**A.     The IDEA's Administration Exhaustion Framework**

The IDEA offers federal funds to states in exchange for their commitment to furnish a "free and appropriate public education" (FAPE) to all children with certain physical and intellectual disabilities who are in need of special education services. 20 U.S.C. § 1412(a)(1)(A); *Fry v. Napoleon Cmm'ty Schs.*, --U.S.--, 137 S. Ct. 743, 749–50 (2017). Under the IDEA, an "individualized education program," known as an IEP, "serves as the 'primary vehicle' for providing each child with the promised FAPE." *Fry*, 137 S. Ct. at 749. The IDEA contains an administrative exhaustion requirement setting forth various administrative procedures that must be pursued prior to filing suit in federal court in the event parents and school representatives cannot agree on special education services. *See* 20 U.S.C. § 1415(l).

A dissatisfied parent may file a complaint regarding the provision of a FAPE with the local or state educational agency, and filing the complaint triggers a preliminary meeting among the parties or a full-fledged mediation process. *Fry*, 137 S. Ct. at 749 (citing 20 U.S.C. §§ 1415(b)(6), (e), (f)(1)(B)(i)). Thereafter, the matter proceeds to a "due process hearing" before an impartial

7

hearing officer, who makes a determination as to whether the child received a FAPE. *Id.* (citing 20 U.S.C. § 1415(f)(1)(A)). If the hearing is initially conducted at the local level, the ruling is appealable to the state agency. *Id.* (citing 20 U.S.C. § 1415(g)). Once these processes have been exhausted, "a parent unhappy with the outcome of the administrative process may seek judicial review by filing a civil action in state or federal court." *Id.* (citing 20 U.S.C. § 1415(i)(2)(A)).

**B.     The ADA and Rehabilitation Acts in the Public Education Context**

Title II of the ADA and Section 504 of the Rehabilitation Act, which are anti-discrimination statutes, also protect the interests of children with disabilities in both public schools and other settings; Title II forbids any "public entity" from discriminating based on disability, and Section 504 applies the same prohibition to any federally funded "program or activity." 42 U.S.C. § 12131, *et seq.*; 29 U.S.C. § 794. Courts have construed the ADA and Rehabilitation Act as requiring, for example, an accommodation to permit the use of a service animal in a school setting for a disabled student. *See Fry*, 137 S. Ct. at 749–50 (collecting cases). Both statutes also authorize individuals to seek redress for their violations by bringing suits for injunctive relief or money damages. *Id.* at 750 (citing 29 U.S.C. § 794a(a)(2); 42 U.S.C. § 12133).

The Supreme Court has on multiple occasions considered the interaction between statutes like the ADA and Rehabilitation Act and the guarantee of a FAPE under the IDEA. At first, the Supreme Court held that the IDEA was "the exclusive avenue" through which a child with a disability could challenge the adequacy of his education. *See Smith v. Robinson*, 468 U.S. 992, 1009 (1984). Congress thereafter overturned the Supreme Court's preclusion of non-IDEA claims and added the IDEA's administrative exhaustion requirement:

> Nothing in [the IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the [ADA], title V of the Rehabilitation Act [including § 504], or other Federal laws protecting the rights of children with disabilities, <u>except that before the</u>

8

> filing of a civil action under such laws seeking relief that is also available under [the IDEA], the [IDEA's administrative procedures] shall be exhausted to the same extent as would be required had the action been brought under [the IDEA].

20 U.S.C. § 1415(l) (emphasis added).

The Supreme Court thereafter construed this language as requiring exhaustion of the IDEA's administrative remedies only where a suit "seek[s] relief for the denial of a FAPE." *Fry*, 137 S. Ct. at 752. If a lawsuit alleges the denial of a FAPE, "the plaintiff cannot escape § 1415(l) merely by bringing her suit under a statute other than the IDEA—as when, for example, the plaintiffs in Smith claimed that a school's failure to provide a FAPE also violated the Rehabilitation Act." *Id.* at 754. In evaluating whether a lawsuit seeks relief for the denial of a FAPE, courts look to the substance of the pleadings, considering whether the "gravamen of a complaint seeks redress for a school's failure to provide a FAPE, even if not phrased or framed in precisely that way." *Id.* at 755.

The Supreme Court identified questions courts should ask in drawing the line in these cases:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library? And second, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance?

*Id.* at 756 (emphasis in original). The Supreme Court further explained that,

> [w]hen the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject; after all, in those other situations there is no FAPE obligation and yet the same basic suit could go forward. But when the answer is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim.

*Id.* Applying these principles, a lawsuit under Title II complaining of a school's lack of access ramps, for example, is at its essence a lawsuit about "equality of access to public facilities, not adequacy of special education." *Id.* In contrast, a lawsuit complaining of a school's failure to provide remedial tutoring in mathematics "suggests that its essence—even though not its wording—is the provision of a FAPE, thus bringing § 1415(l) into play." *Id.* at 757. "A further sign that the gravamen of a suit is the denial of a FAPE can emerge from the history of the proceedings," such as whether a plaintiff "has previously invoked the IDEA's formal procedures to handle the dispute—thus starting to exhaust the Act's remedies before switching midstream." *Id.* (calling this "strong evidence" that the substance of a plaintiff's claim concerns the denial of a FAPE).

C.   **Cano's ADA and Section 504 Claims**

Here, Cano's ADA and Rehabilitation Act claims primarily involve allegations regarding discrimination based on a failure to provide educational accommodations. (Am. Compl. [#26], at ¶ 49 (alleging the District failed to provide necessary accommodations and modifications to her academic and non-academic programming, as compared to her non-disabled peers), ¶ 53 (alleging the District failed to provide services and accommodations after incident causing her injury). Although the precise nature of these accommodations is not identified in her pleadings, Cano's response to the District's motion identifies two accommodation requests regarding access to her right to educational services (about which Cano testified in her deposition)—a request for a room without bright lights so that she could attend school in person and a request to attend class via webcam or FaceTime. (Resp. [#62], at ¶ 34.)

Applying *Fry*, the Court agrees with the District that these complaints relate to educational services, grievances Cano could not have brought against any institution except for a public school

district. *See Fry*, 137 S. Ct. at 756. Nor could an adult have raised these complaints against the District, as these grievances are limited to Cano's right of access to education. *See id.* Because Cano's ADA and Section 504 claims regarding educational accommodations are essentially complaints about her denial of a FAPE, the Court finds that Cano was required to administratively exhaust her claims under the IDEA prior to filing suit. Cano's attempt to argue otherwise by citing to *Estate of Lance v. Lewisville Independent School District*, 743 F.3d 982 (5th Cir. 2014), a pre-*Fry* case, is unpersuasive. This Court is bound to apply the Supreme Court's holding in *Fry*, which sets forth a clear rubric for evaluating the interplay between the IDEA and other statutory anti-discrimination claims arising in the educational context.

    i.    <u>Judicial Estoppel</u>

Nor is the Court persuaded by Cano's argument that the District should be judicially estopped from arguing failure to exhaust as to her ADA and Rehabilitation Act claims. "Judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988). The burden to prove judicial estoppel is on the party invoking the doctrine. *Smith v. United States*, 328 F.3d 760, 765 (5th Cir. 2003). Cano has failed to carry her burden to establish that this doctrine applies to the District's exhaustion argument.

Cano contends that the District cannot first argue that her statutory anti-discrimination claims must be heard before a federal court and then argue in federal court the claims should have been exhausted before the TEA. The Court disagrees that the District's various positions implicate judicial estoppel concerns.

First, regardless of the TEA hearing officer's treatment of Cano's statutory anti-discrimination claims (and any argument by the District regarding those claims), it remains that

Cano was required to file any FAPE-based complaint with the TEA within the one-year statute of limitations. She failed to do so. Accordingly, those claims purportedly arising under the ADA and Rehabilitation Act that concern a failure to provide educational accommodations must be dismissed. The IDEA bars Cano from circumventing its exhaustion requirement "by taking claims that could have been brought under the IDEA and repackaging them as claims under some other statute." *Marc V. v. N.E. Indep. Sch. Dist.*, 455 F. Supp. 2d 577, 592 (W.D. Tex. 2006).

Moreover, there is nothing before the Court establishing that the District has taken inconsistent positions before the TEA and this Court. The District sought dismissal of all non-IDEA claims before the TEA, arguing that the due process hearing was limited to "matters relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a [FAPE] to the child." (Admin. Record [#4], at 63–66.) The Court rejects Cano's argument that there is an inherent inconsistency between arguing for dismissal of the statutory anti-discrimination claims before the TEA and then arguing that Cano's FAPE-based ADA and Rehabilitation Act claims are subject to the IDEA's mandatory exhaustion requirement. The District has directed the Court to several cases rejecting similar estoppel arguments that the Court finds persuasive here. *See Heston, Next Friend of A.H v. Austin Indep. Sch. Dist.*, 816 Fed. App'x 977, 984 (5th Cir. 2020) (rejecting same judicial estoppel argument where district sought to dismiss ADA and Section 504 claims before knowing those claims would be characterized as denials of a FAPE); *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 390 F. Supp. 3d 822, 834 (S.D. Tex. 2019), *rev'd sub nom. J. W. v. Paley*, 860 F. App'x 926 (5th Cir. 2021) (holding defendants were not judicially estopped from arguing failure to exhaust as to ADA and Section 504 claims based on arguments made during administrative proceedings where defendants

consistently argued that claims and relief sought under statutory anti-discrimination laws overlapped with IDEA claims).

Again, it is Cano who bears the burden to prove judicial estoppel applies here. She has failed to direct the Court to any evidence of specific representations by the District before the TEA that are factually inconsistent with the District's position in this federal forum. Cano has therefore failed to prove that the District is judicially estopped from arguing failure to exhaust as to her ADA and Rehabilitation Act claims.

    ii.    <u>Cano's discrimination allegations regarding emergency medical services</u>

The only allegation in Cano's Amended Complaint regarding her anti-discrimination claims that arguably does not concern her access to a FAPE is her claim that the District discriminated against her by failing to provide emergency medical services after the dance team stunt that caused her injuries. Cano's Amended Complaint alleges that the District's failure to provide timely emergency medical services after the incident violates the ADA. (Am. Compl. [#26], at ¶ 49.) Cano reiterates these allegations in her response to the District's motion, stating that she "has argued over and over about the District's failure to address her post-incident needs, including and especially the failure to contact Emergency Medical Services in a timely manner" as a violation of her rights under the ADA. (Resp. [#62], at ¶ 33.)

Even assuming that this claim did not require exhaustion under the IDEA, the Court agrees with the District that Cano cannot prevail on an ADA discrimination claim based on a failure to call EMS. To establish a *prima facie* claim of discrimination under Title II of the ADA, Cano must demonstrate three elements: (1) she is a qualified individual within the meaning of the ADA; (2) she was "excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by

the public entity" and (3) such exclusion, denial of benefits, or discrimination is *by reason of* her disability.  *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004).

Cano has not made any allegations that any failure to provide timely emergency medical services in the wake of her accident was "because of" her alleged disability, which at the time of the accident, is not alleged to even have been known to her or the school.  Further, Cano's own pleadings allege that the District "has an unwritten practice and custom" *not* to call emergency medical services—for any student—even when it is obvious a student requires medical attention, and thus she has pleaded a different reason for the District's inaction other than her disability.  (Am. Compl. [#26], at ¶¶ 34, 44–45.)  Cano's pleadings are devoid of any allegations that she was discriminated against on the basis of her alleged disability in the immediate aftermath of her injury by the failure of the District's personnel to seek emergency medical services in a timely manner.  The Court therefore finds that this lawsuit does not allege any plausible claim for discrimination under the ADA aside from a FAPE-based claim for failure to provide accommodations for a disability.

### IV.  Conclusion and Order

In summary, after considering the District's motion, the response and reply thereto, the record in this case, and the governing law, the Court concludes the following:

- Cano has waived her right to argue (or concedes) that the TEA erred in dismissing her IDEA child-find claim on statute of limitations grounds.  Accordingly, the Court will affirm the TEA's decision that Cano's IDEA claim is time-barred.

- Cano was required to administratively exhaust all FAPE-related claims that could have been brought under the IDEA.  Her failure to do so requires dismissal of her ADA and Rehabilitation Act claims pertaining to the denial of educational opportunities by the District.

- Insofar as Cano is attempting to assert a claim under the ADA or Rehabilitation Act based on the District's failure to timely seek emergency medical attention on her behalf, this claim fails as a matter of law because Cano has not alleged or asserted any facts in support

of an essential element of that claim—that any such failure was on account of her disability.

**IT IS THEREFORE ORDERED** that Defendant Harlandale Independent School District's Motion for Judgment on the Administrative Record, Motion to Dismiss in Part for Lack of Subject-Matter Jurisdiction, or in the Alternative, Motion for Summary Judgment [#55] is **GRANTED** as set forth herein.

SIGNED this 21st day of January, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE